IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DONNA DARNELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. _____ |
| § | |
| UNITED STATES OF AMERICA, § | |
| MICHAEL B. DONLEY, in his § | |
| official capacity as Secretary of the § | |
| Air Force, THE UNITED STATES § | |
| AIR FORCE, ARMY AND AIR FORCE § | |
| EXCHANGE SYSTEM, COLONEL § | |
| STEPHEN A. CLARK, in his official § | |
| capacity as Commander of CANNON § | |
| AIR FORCE BASE, and CANNON § | |
| AIR FORCE BASE, § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b), and pursuant to New Mexico common-law causes of action. Jurisdiction is specifically conferred on this Court under 28 U.S.C. §1346(b)(1).

2. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

### PARTIES

3. Plaintiff, DONNA DARNELL, is a citizen of the United States and the State of New Mexico, and resides in Clovis, Curry County, New Mexico.

4. Defendant, UNITED STATES OF AMERICA, may be served with process in this instance by serving the United States Attorney for the District of New Mexico, Gregory J. Fouratt, at the office of The Department of Justice, Division of New Mexico, at 201 3rd Street NW, Albuquerque, New Mexico, 87102.

5. Defendant, MICHAEL B. DONLEY, in his official capacity as Secretary of the Air Force, may be served with process in this instance by serving the United States Attorney for the District of New Mexico, Gregory J. Fouratt, at the office of The Department of Justice, Division of New Mexico, at 201 3rd Street NW, Albuquerque, New Mexico, 87102 and by serving the Department of the Air Force at HQ AFLOA/JACC, 1501 Wilson Blvd., 8th Floor, Arlington, Virginia, 22209-2403.

6. Defendant, UNITED STATES AIR FORCE, may be served with process in this instance by serving the United States Attorney for the District of New Mexico, Gregory J. Fouratt, at the office of The Department of Justice, Division of New Mexico, at 201 3rd Street NW, Albuquerque, New Mexico, 87102 and by serving the Department of the Air Force at HQ AFLOA/JACC, 1501 Wilson Blvd., 8th Floor, Arlington, Virginia, 22209-2403.

7. Defendant, ARMY AND AIR FORCE EXCHANGE SYSTEM, may be served with process in this instance by serving the United States Attorney for the District of New Mexico, Gregory J. Fouratt, at the office of The Department of Justice, Division of New Mexico, at 201 3rd Street NW, Albuquerque, New Mexico, 87102 and by serving the Department of the Air Force at HQ AFLOA/JACC, 1501 Wilson Blvd., 8th Floor, Arlington, Virginia, 22209-2403.

8. Defendant, COLONEL STEPHEN A. CLARK, in his official capacity as Commander of Cannon Air Force Base, may be served with process in this instance by serving the United States Attorney for the District of New Mexico, Gregory J. Fouratt, at the office of

The Department of Justice, Division of New Mexico, at 201 3rd Street NW, Albuquerque, New Mexico, 87102 and by serving the Department of the Air Force at HQ AFLOA/JACC, 1501 Wilson Blvd., 8th Floor, Arlington, Virginia, 22209-2403.

9.   Defendant, CANNON AIR FORCE BASE, may be served with process in this instance by serving the United States Attorney for the District of New Mexico, Gregory J. Fouratt, at the office of The Department of Justice, Division of New Mexico, at 201 3rd Street NW, Albuquerque, New Mexico, 87102 and by serving the Department of the Air Force at HQ AFLOA/JACC, 1501 Wilson Blvd., 8th Floor, Arlington, Virginia, 22209-2403.

## BACKGROUND

10.   On January 22, 2007 Plaintiff was employed by JP Dat, Inc., working on Cannon Air Force Base at the base cleaners.

11.   On or about January 22, 2007 Cannon Air Force Base received an amount of snowfall significant enough to require the base to begin round the clock snow removal. (See Letter from Bradford S. Hunt, Attached hereto as Exhibit "A" and incorporated by reference).

12.   The snowfall caused unsafe traveling conditions. Plaintiff would not have ventured out due to the inclement weather and the unsafe driving conditions presented, but Cannon Air Force Base personnel informed her that she was "essential personnel" and as such Plaintiff was required to come to work that day.

13.   The street where Plaintiff's place of employment was located had been plowed by the base personnel. However, in plowing the street the base personnel that said plowing, did so negligently plowing the snow in such a manner as to completely block both vehicle entrances to the parking lot of Plaintiff's place of employment, the base cleaners.

14. Due to the snow having been plowed in such a negligent manner, Plaintiff was forced to park across the street from her place of employment and risk crossing the busy roadway and all of the weather related and snowplow related obstacles.

15. As Plaintiff attempted to negotiate her way from her vehicle across the street to her place of employment, she stepped down into the plowed street onto a patch of black ice. As Plaintiff's foot contacted the street, her foot slipped from under her and she collided with the ground, suffering severe breaks to her leg in two places.

16. As a result of the severity of her injuries, Plaintiff incurred substantial medical bills, lost wages from missed work, severe pain and discomfort and an eighteen percent (18%) permanent disability designation.

17. An administrative claim was filed with the Department of the Air Force. A final denial of said administrative claim was issued via letter from the Department of the Air Force on August 26, 2009. (See Attached Exhibit "A").

## CLAIMS FOR RELIEF

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 of this Complaint.

## NEGLIGENCE

19. In undertaking the snow removal operation, Cannon Air Force Base had a duty to Plaintiff to conduct the operation in a non-negligent manner.

20. By plowing the snow in such a manner as to block access to Plaintiff's place of employment, Cannon Air Force Base personnel breached the aforementioned duty by negligently creating a situation that directly resulted in severe and permanent injury to Plaintiff.

21.     As a result of the breach of duty by Cannon Air Force Base personnel that directly resulted in severe and permanent injury to Plaintiff, Plaintiff suffered damages.

## PRAYER

1.      That Plaintiff be awarded damages in the amount of $486,943.00 plus associated costs of court, applicable attorneys fees, to compensate her for her medical expenses, lost wages, pain and suffering, future medical damages, loss of future earning potential and loss of quality of life based on her eighteen percent (18%) permanent disability incurred as a result of her injuries.

2.      That Plaintiff recover such other relief as may be appropriate under the circumstances.

3.      Plaintiff requests such other relief as this honorable Court may deem appropriate.

Respectfully Submitted,
**QUEENER LAW FIRM, P.C.**

_____
Richard L. Queener
*Attorney for Plaintiff*
1304 Pile Street
Clovis, NM 88101
(575) 935-9400
(575) 935-9401 (fax)



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS AIR FORCE LEGAL OPERATIONS AGENCY

AUG 2 6 2009

HQ AFLOA/JACC
1501 Wilson Blvd., 8th Floor
Arlington, Virginia 22209-2403

Richard L. Queener
1304 Pile Street
Clovis, New Mexico 88101

Re: Your client, Donna Darnell, Air Force Claim No.: Cannon AFB Claim No.: 09-3

Dear Mr. Queener

Under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, I have considered your client's claim for personal injuries allegedly sustained as a result of a fall on Cannon AFB on January 22, 2007. After a careful review of the facts and applicable law, I must deny your client's claim.

While I regret the injuries your client sustained in this incident, under the Federal Tort Claims Act, liability of the United States for damages must be based upon evidence of a negligent or wrongful act or omission of a government employee acting within the scope of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

Our investigation of this claim revealed the United States did not breach any duty owed to your client under New Mexico law causing your client's slip and fall. The base had a plowing operation that was clearing the snow on a priority basis. The priority schedule for plowing falls within the discretionary function exemption to the FTCA which prevents judicial "second-guessing" of administrative decisions grounded in policy. *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814, 81 L. Ed. 2d 660, 104 S. Ct. 2755 (1984). The base was working around the clock on snow removal and the street where your client slipped had been plowed.

This is a final denial of your administrative claim. If you are dissatisfied with this decision, you may file suit in an appropriate United States District Court not later than six months after the date of the mailing of this letter.

Sincerely

BRADFORD S. HUNT
Chief, General Torts Branch
Claims and Tort Litigation Division
Air Force Legal Operations Agency

EXHIBIT
A